UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR DE JESUS BERMUDEZ NAVARRETE,<br>Plaintiff,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Defendants. | Case No. 26-cv-07444-JST<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 2 |

Now before the Court is Petitioner Omar De Jesus Bermudez Navarrete's application for a preliminary injunction. The Court will grant the injunction.

## I. BACKGROUND

Bermudez Navarrete is a citizen of El Salvador who has resided in the United States since 2021. ECF No. 1 ¶ 16. He lives in San Francisco and is the sole provider for his pregnant wife, two-year-old child, and seventeen-year-old nephew. *Id.* ¶¶ 5, 17. He was not encountered by immigration officials at or near the border when he entered the United States. *Id.* ¶ 4. He filed an asylum petition with United States Citizenship and Immigration ("USCIS") in August 2025 and has since received a work authorization based on that application. *Id.* ¶ 6.

In May 2026, Bermudez Navarrete's nephew arrived in the United States from El Salvador. ECF No. 9-1 at 2. Bermudez Navarrete was approved as his nephew's sponsor by the Department of Health and Human Services ("HHS") Office of Refugee Resettlement ("ORR"). *Id.*; ECF No 9-2.

Bermudez Navarrete was arrested on July 17, 2026 outside his apartment building. *Id.* ¶ 2. When he was arrested, he and his wife asked to see a warrant, but none was presented to him. *Id.* ¶ 3. Once he was taken to ICE's San Francisco field office at 630 Sansome Street, he was shown

a warrant that had been issued the previous day. ECF No. 2-1 ¶¶ 8–9.

On July 17, 2026, the same day he was arrested, Bermudez Navarrete filed a petition for a writ of habeas corpus against respondents Sergio Albarran, Field Office Director of the San Francisco Immigration and Customs Enforcement (ICE) Office; David K. Venturella, Acting Director of ICE; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, Acting U.S. Attorney General, in their official capacities. ECF No. 1. He claims that his arrest and detention violated 8 U.S.C. § 1357(a)(2), the Fourth Amendment, and the Fifth Amendment. ECF No. 2. He also filed an application for a temporary restraining order ("TRO") seeking release from detention, ECF No. 2, which Judge P. Casey Pitts granted, ECF No. 4. The Court also ordered Defendants to show cause as to why a preliminary injunction should not issue. *Id.* The case was then assigned to the undersigned judge. ECF No. 7.

Bermudez Navarrete seeks an injunction preventing the government from re-detaining him unless they demonstrate at pre-deprivation hearing by clear and convincing evidence that he is a flight risk or a danger to the community. ECF No. 2 at 12. Respondents filed their opposition on July 24, 2026. ECF No. 8. Bermudez Navarrete filed his reply on July 27, 2026. ECF No. 9. The Court held a hearing on the motion on July 28, 2026.

## II. LEGAL STANDARD

A plaintiff seeking an injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Where the plaintiff does not establish a likelihood of success on the merits but merely establishes "serious questions going to the merits," a preliminary injunction may still issue if the plaintiff can show that the balance of hardships "tips sharply in [his] favor," irreparable injury is likely, and the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

## III. DISCUSSION

The Court finds that issuance of a preliminary injunction is justified because there are at least "serious questions going to the merits," Bermudez Navarrete is likely to suffer irreparable harm if an injunction does not issue, and the balance of hardships tips sharply in his favor. *See All. for the Wild Rockies*, 632 F.3d at 1135.[1]

Respondents first argue, as they have in countless prior cases, that Bermudez Navarrete cannot show a likelihood of success on the merits because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). ECF No. 8 at 15–16. As Respondents acknowledge, this Court and every other court in this district that has considered the question has concluded that Section 1225(b) does not apply. *Bautista Pico v. Noem*, No. 25-CV-08002-JST, 2025 WL 3295382, at *2 (N.D. Cal. Nov. 26, 2025); *Orozco Acosta v. Bondi*, No. 25-CV-09601-HSG, 2025 WL 3229097, at *2 (N.D. Cal. Nov. 19, 2025); *Salcedo Aceros v. Kaiser*, 25-cv-06924-EMC, 2025 WL 2637503, at *8–12 (N.D. Cal. Sep. 12, 2025); *Jimenez Garcia v. Kaiser et al.*, 25-cv-06916-YGR, 2025 WL 3500767 at *3–5 (N.D. Cal. Aug. 29, 2025); *Calderon v. Kaiser*, No. 5:25-cv-06695-AMO, 2025 WL 2430609, at *3 (N.D. Cal. Aug. 22, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-cv-06248-BLF, 2025 WL 2419263, at *3– 4 (N.D. Cal. Aug. 21, 2025). The Court again follows these courts and its own prior rulings and holds that Bermudez Navarrete's detention is not governed by Section 1225(b).

Respondents argue in the alternative that if the Court finds that Bermudez Navarete's detention is governed by 8 U.S.C. 1226, his detention is mandated by 8 U.S.C. § 1226(c)(1)(D) because he is alleged to be a member of the 18th Street gang, which has been designated a foreign terrorist organization ("FTO"). ECF No. 8 at 25. Section 1226(c)(1)(D) permits the detention of those aliens deemed inadmissible under 8 U.S.C. § 1182(a)(3)(B)(i)(V) for being a member of an organization designated as an FTO. ECF No. 8 at 7.

Whether Bermudez Navarrete is a member of 18th Street gang is disputed. In support of

[1] Bermudez Navarette also challenges the legality of his arrest warrant. ECF No. 2 at 5. Because the Court finds that there are at least serious questions going to the merits on Bermudez Navarrete's claim that he is not subject to mandatory detention under 8 U.S.C. § 1225 or § 1226(c)(1)(D), the Court does not reach the issue of whether the warrant was valid.

their assertion, Respondents rely on a Form I-213 prepared by an ICE officer. ECF No. 8-1, 8-2. The Form I-213 states that unidentified "[i]ntelligence suggests that Bermudez Navarrete uses the gang alias 'Tayni', and El Salvadorian law enforcement has profiled Bermudez Navarrete as an 18th Street gang member." *See* ECF No. 8-2 at 4. A declaration submitted in support of the government's opposition repeats this suggestion. ECF No. 8-1 ¶ 6. The Form I-213 also states that "Bermudez Navarrete has no documented criminal history in the United States. However, Bermudez Navarrete has an extensive criminal record in the country of El Salvador." *Id.* The alleged "extensive history" consists of two arrests in 2017 and 2018 for "illicit association" and an arrest in July 2018 for "deprivation of liberty," *id.*, none of which resulted in convictions.

Respondents no other evidence of Bermudez Navarette's alleged membership in an FTO beyond the hearsay "suggestion" in the Form I-213. Moreover, the allegation is disputed: the same document notes that "Bermudez Navarette claims to have no gang or organized crime ties," *id.* at 4, and Bermudez Navarrete has submitted a declaration with his reply brief in which he denies that he is, or has ever been, a member of any gang. ECF No. 9-1 at ¶ 7. He states that he was targeted by El Salvadorean police who wrongfully claimed he was a gang member, leading to his arrest and harassment. *Id.* ¶¶ 4–5. Bermudez Naverette also argues that he was recently vetted and approved by the ORR's Division of Unaccompanied Children Operations to serve as the sponsor for his minor nephew, who was previously in federal custody. ECF No. 9, ECF No. 9-2 at 2. Bermudez Navarrete claims that that the ORR's approval contradicts Respondents' unsupported assertion that he is a member of the 18th Street gang, as ORR would not have released his nephew to his care if this information were true.[2]

The disputed allegation that Bermudez Navarrete is a member of a gang is insufficient to support his mandatory detention. *Claros Nolasco v. Warden*, decided on virtually identical facts, is instructive. No. 1:26-CV-05058-KES-EGC (HC), 2026 WL 2049817 (E.D. Cal. July 15, 2026) In that case, the government claimed that the petitioner was a member of Barrio 18, a foreign

---

[2] The ORR may not place an unaccompanied minor with a sponsor unless the Secretary of Health and Human Services makes a determination that the proposed custodian "is capable of providing for the child's physical and mental wellbeing" and "that the individual has not engaged in any activity that would indicate a potential risk to the child." 8 U.S.C. § 1232(c)(3)(A).

terrorist organization.[3] As here, the government "rel[ied] solely on a Form I-213, which was prepared by an ICE deportation officer." 2026 WL 2049817, at *1. As here, the allegation was disputed. *Id.* Unlike here, the government claimed that petitioner initially admitted his membership in Barrio 18, but later "claimed no gang membership at the time of interview with ICE." *Id.* The court ruled that "[t]he disputed hearsay statement in the Form I-213, which is contradicted by another statement in the Form I-213, is insufficient to establish that petitioner is in fact a member Barrio 18." *Id.* The Court reaches the same result here, and finds that Bermudez Navarrete has shown that there are at least serious questions going to the merits of whether he is actually subject to 1226(c).[4] If the government continues to allege that Bermudez Navarrete is a member of an FTO, they can make that argument at a pre-deprivation hearing.

Respondents next argue that Bermudez Navarrete lacks a constitutionally protected liberty interest in being free from detention because he "has never been encountered, nor detained then released, by the Department of Homeland Security." ECF No. 8 at 7. They contend that *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069 (N.D. Cal. 2025), does not apply because the court there found that the "protected liberty interest [consisted of] remaining out of immigration custody" after initially being detained, which does not apply to someone such as Bermudez Navarrete who has never been in immigration custody. ECF No. 8 at 17 (citing *Pablo Sequen*, 806 F. Supp. 3d at 1082).

*Pablo Sequen* may not apply, but Bermudez Navarrete still has a cognizable liberty interest. The government's argument that he does not was recently rejected in *Kharitonova v.*

---

[3] At the hearing on this motion, the government confirmed that "Barrio 18" and "18th Street" refer to the same gang.

[4] Respondents note that Bermudez Navarette could challenge his designation as a member of an FTO at a "*Joseph* hearing," which allows a noncitizen to "avoid mandatory detention by demonstrating that he is not an alien, was not convicted of [a] predicate crime, or that the government is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." ECF No. 8 at 12 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); citing 8 C.F.R. § 1003.19(h)(2)(ii); *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). But Respondents do not argue, as they have in other fora, that Bermudez Navarrete was *required* to avail himself of a *Joseph* hearing or otherwise exhaust his administrative remedies. *See, e.g., Nolasco*, 2026 WL 2059817, at *2. Even if they had made such an argument, however, the Court would excuse compliance with such an exhaustion requirement on the ground that it would be futile. *See Alvarado Samayoa v. Warden*, No. 1:26-CV-04760-KES-SAB (HC), 2026 WL 2056619, at *1 n.1 (E.D. Cal. July 16, 2026).

*Albarran*, No. 3:26-cv-01362, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026), where the court found "the government's insistence Petitioner lacks a liberty interest because it never before sought to detain her" was "specious." *Id.* at *2. "Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in his continued freedom as an individual initially detained." *Kharitonova*, 2026 WL 531441, at *2. Further, "an alien, such as Petitioner, who builds a substantial life in the United States over a period of many years after entering the without inspection develops a constitutionally protected liberty interest in remaining out of custody." *Carbajal Torres v. Semaia*; 26-cv-03374-E, ECF No. 11 at 4 (C.D. Cal. June 29, 2026) (citing *Ramirez-Serna v. Mullin*, 2026 WL 1514337, at *6-7 (C.D. Cal. May 28, 2026)). As in *Kharitonova*, the government elected not to detain Bermudez Navarrete when he applied for asylum. Also as in that case, Petitioner has an established liberty interest by living here freely for five years. Accordingly, the Court finds that Bermudez Navarrete has demonstrated a likelihood of success on the merits as to whether he has a constitutionally protected liberty interest in remaining out of custody.

Next, the Court finds that Bermudez Naverette has demonstrated a likelihood of success on the merits of his claim that the Due Process Clause of the Fifth Amendment to the United States Constitution entitles him to a hearing before a neutral adjudicator before he can be re-detained. ECF No. 2 at 10. "[Petitioner has] a substantial interest in remaining out of custody, and the Due Process Clause entitles Petitioner to a bond hearing before an immigration judge prior to any arrest or detention." *Larios v. Albarran*, No. 25-CV-08799-AMO, 2025 WL 2939223, at *2 (N.D. Cal. Oct. 16, 2025) (citing *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025)); *see also Pablo Sequen v. Kaiser*, 793 F. Supp. 3d 1114, 1119 (N.D. Cal. 2025) (holding that "the Due Process Clause entitles Ms. Pablo Sequen (and other similarly situated immigrants) to a bond hearing before an immigration judge prior to any arrest or detention."); *Guillermo M.R. v. Kaiser*, No. 25- CV-05436-RFL, 2025 WL 1810076, at *1 (N.D. Cal. June 30, 2025). Respondents rely on *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 108 (2020) to argue that Bermudez Navarrete is not entitled to claim any greater due process right other than what is provided by statute because he is an alien present in the United

States without having been admitted. ECF No. 8 at 21. Courts in this district have routinely found that *Thuraissigiam* concerns only "the due process afforded to aliens seeking initial entry and challenging their exclusion," not "the due process rights of a noncitizen to remain free once released." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025) (citation modified); *Orozco Acosta v. Bondi*, No. 25-CV-09601-HSG, 2025 WL 3229097, at *3 (N.D. Cal. Nov. 19, 2025). Consistent with that interpretation, the Court does not read *Thuraissigiam* to undermine Bermudez Navarrete's due process claim for his detention after his residence in the United States for years. All three factors relevant to the due process inquiry set out in *Matthews v. Eldridge*, 424 U.S. 319 (1976), require that Bermudez Navarrete be immediately released from custody, and that he be given notice and a pre-detention hearing before a neutral decisionmaker prior to being taken back into custody.

The Court also finds that Bermudez Navarrete is likely to suffer irreparable harm in the absence of a preliminary injunction. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The Ninth Circuit has recognized in "concrete terms the irreparable harms imposed on anyone subject to immigration detention" including "subpar medical and psychiatric care in ICE detention facilities, the economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to children of detainees whose parents are detained." *Hernandez v. Sessions*, 872 F.3d 976, 995–96 (9th Cir. 2017). In addition to the harm Bermudez Navarrete himself would suffer—which is sufficient to show irreparable harm— his detention would deprive his pregnant wife, one-year-old child, and nephew of the financial, emotional, and familial support that he provides. His pregnant wife is unable to work and he is the sole provider for his family, which would be irreparably harmed by his continued detention.

The Court further finds that the last two *Winter* factors, balance of the equities and the public interest, weigh heavily in favor of preliminary injunctive relief. "When the government is a party, these last two factors merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). "[T]he public has a strong interest in upholding procedural protections against

unlawful detention . . . and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (quotations and citations omitted). As the court in *Diaz v. Kaiser* concluded:

> The public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering. . . . Without the requested injunctive relief, Petitioner-Plaintiff might be abruptly taken into ICE custody, subjecting both him and his family to significant hardship. Yet the comparative harm potentially imposed on Respondents-Defendants is minimal—a mere short delay in detaining Petitioner-Plaintiff, should the government ultimately show that detention is intended and warranted.

No. 3:25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (citation modified).

Accordingly, the Court will issue a preliminary injunction.

The Court lastly addresses the question of security. "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The court has "discretion as to the amount of security required, if any," and it "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (citation modified). The Government does not argue that the Court should require Bermudez Navarrete to give security, and the Court sees no realistic likelihood of harm from the issuance of an injunction. The Court finds that no security is required here.

**CONCLUSION**

For the reasons set forth above, the Court enters a preliminary injunction in favor of Bermudez Navarrete. Respondents are enjoined from re-detaining him without notice and a pre-deprivation hearing before a neutral immigration judge at which the government establishes, by clear and convincing evidence, that re-detention is warranted because he poses a danger to the community or a flight risk that can be mitigated only by detention. This order shall remain in effect until further order of the Court. No security is required.

United States District Court
Northern District of California

The parties shall meet and confer and, within 14 days of the date of this order, propose a schedule for resolving the remainder of this case or a stipulation that the reasoning in this order warrants granting the petition and entering judgment.

**IT IS SO ORDERED.**

Dated: July 30, 2026

JON S. TIGAR
United States District Judge